**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **FINDINGS OF FACT, CONCLUSIONS** |
| | ) | **OF LAW, AND ORDER FOR JUDGMENT** |
| vs. | ) | |
| | ) | |
| Francis L. Shelkey, Nicki L. Shelkey, and Meritcare Medical Group, | ) | Case No. 4:09-cv-019 |
| | ) | |
| Defendants. | ) | |

_____

The above-entitled matter came before the Court at Bismarck, North Dakota, on June 29, 2009, upon application of Drew H. Wrigley, United States Attorney for the District of North Dakota, and James Patrick Thomas, Assistant United States Attorney, attorney for the plaintiff United States, for entry of default judgment as to the defendants Francis L. Shelkey, Nicki L. Shelkey, and MeritCare Medical Group. Evidence was presented for and on behalf of the plaintiff in support of its application and no one appeared for or on behalf of the defendants.

It appearing to the Court as follows:

The above-entitled action was commenced by the plaintiff acting under the direction of the Attorney General of the United States of America, and was brought under the provisions of Title 28, United States Code, Section 1345, against the above-named defendants; that the action was regularly and duly commenced by the filing of a Complaint in the office of the Clerk of this Court; that the defendants Francis L. Shelkey, Nicki L. Shelkey, and MeritCare Medical Group have been served with a Complaint pursuant to the Federal Rules of Civil Procedure; that the time for answering has

expired as to the defendants, and they have failed to appear, answer or otherwise plead in these proceedings and are in default.

Now, based upon the evidence presented by the plaintiff and upon due consideration of all matters pertaining to the record, the Court makes the following:

## **FINDINGS OF FACT**

1.

Defendant, Francis L. Shelkey, for value received, made, executed and delivered to the United States the following promissory notes, by which he promised to pay to the United States the following-stated principal amounts plus interest on the unpaid principal balances at the stated rates until paid:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| April 9, 1981 | $36,700.00 | 13.00% |
| April 9, 1981 | $4,000.00 | 13.00% |
| February 9, 1995 (Reamortization of Note in the amount of $36,700.00) | $27,147.74 | 13.00% |
| February 9, 1995 (Reamortization of Note in the amount of $4,000.00) | $2,813.95 | 13.00% |
| February 6, 1997 (Reamortization of Note in the amount of $36,700.00 [effective 02/09/1997]) | $27,725.80 | 13.00% |
| February 6, 1997 (Reamortization of Note in the amount of $4,000.00 [effective 02/09/1997]) | $2,862.86 | 13.00% |
| May 11, 2000 (Reamortization of Note in the amount of $36,700.00 [effective 04-09-2000]) | $35,841.61 | 13.00% |

May 11, 2000                    $3,444.10                    13.00%
(Reamortization of Note in the amount of $4,000.00 [effective 04-09-2000])

2.

To secure the balance due and owing on the promissory notes and reamortization agreements, defendant Francis L. Shelkey of Ward County, North Dakota, made, executed, and delivered to the United States a real estate mortgage on or about April 9, 1981, wherein he granted, bargained, sold, and conveyed by mortgage unto the United States of America the following-described real estate situated in the County of Ward, State of North Dakota:

> Lot 5, Block 2, Sunrise Acres Addition to the City of Berthold, Ward County, North Dakota, but subject to the reservations as contained in the Patent Issued by the United States Government and subject further to all valid outstanding easements, rights-of-way, mineral leases, mineral reservations, and mineral conveyances of record.

This mortgage was recorded in the Office of the County Recorder of Ward County, North Dakota, on April 9, 1981, as Document No. 597337.

3.

The defendant, Francis L. Shelkey, has defaulted in the payment of the promissory notes and reamortization agreements secured by the mortgage listed above, in that he has failed to make timely payments of principal and interest.

4.

By reason of the defaults in the conditions and covenants of the promissory notes, reamortization agreements, and real estate mortgage noted above, the plaintiff has declared the entire amount of the indebtedness as evidenced by the promissory notes and reamortization agreements due and owing. All administrative and servicing actions have been completed and the United States has provided defendant Francis L. Shelkey with all the notices required by federal law.

5.

Defendant Francis L. Shelkey received payment assistance on the above loan accounts, of which the United States is entitled to recapture approximately $1,571.52.

6.

The United States is still the owner and holder of the promissory notes and real estate mortgage listed above and there is due and owing on the promissory note dated April 9, 1981, in the original principal amount of $36,700.00, and reamortized on February 9, 1995, February 6, 1997, and May 11, 2000, principal in the sum of $24,633.65, and interest to June 25, 2009, of $6,553.88, with interest accruing until the date of judgment at the daily rate of $8.7736; on the promissory note dated April 9, 1981, in the original principal amount of $4,000.00, and reamortized on February 9, 1995, February 6, 1997, and May 11, 2000,  principal in the sum of $2,414.51, and interest to June 25, 2009, of $642.42, with interest accruing until the date of judgment at the daily rate of $.8600; for Payment Assistance Recapture due and payable under the terms of the loan documents in the sum of $1,571.52; for sums advanced for protective advances due and payable under the terms of the loan documents that have been paid out for payment of negative escrow, appraisal, and abstract fees, principal in the sum of $2,996.26, and interest to June 25, 2009, of $318.98, with interest accruing until the date of judgment at the daily rate of $1.0672; together with costs and disbursements of this action in the amount of $367.00, making a total of $39,498.22, as of June 25, 2009, plus prejudgment interest which accrues at a daily rate of $10.7008, until the date of entry of judgment, with interest accruing after entry of judgment at the legal rate until paid in full.

7.

On or about January 23, 2009, the plaintiff served upon defendant Francis L. Shelkey, residing in Berthold, North Dakota, record owner of the property described above, by certified mail, a Notice of Intention to Foreclose Real Estate Mortgage, giving the date of the mortgage, the description of the mortgaged property, and the full amount due for principal and interest, and advised the defendant that unless the full amount of the indebtedness was paid within 30 days from the date of mailing said Notice, an action would be instituted for the foreclosure of said mortgage.

8.

Lila J. Shelkey, former spouse of Francis L. Shelkey, executed promissory notes described in paragraph 1 dated April 9, 1981, in the amounts of $36,700.00, and $4,000.00, and the real estate mortgage described in paragraph 2.  On or about March 14, 1983, Francis L. Shelkey and Lila J. Shelkey were divorced.  Lila J. Shelkey transferred her interest in the real estate described above to Francis L. Shelkey by Quit Claim Deed dated April 22, 1985, and recorded in the Office of the County Recorder for Ward County, North Dakota as Document No. 635389.  On or about October 25, 1994, the plaintiff released Lila J. Shelkey from personal liability on all indebtedness.  There is no personal claim against Lila J. Shelkey in this action.  This reference is made only for clarification purposes and for the purposes of extinguishing whatever right, title, or interest Lila J. Shelkey may have or claim to the above-described property and to the extent that Lila J. Shelkey has any claim, right, title, or interest in the above-described property, it is subsequent and inferior to the interest of the United States.

9.

Following his divorce from Lila J. Shelkey, defendant Francis L. Shelkey married defendant Nicki L. Shelkey.  There is no personal claim against defendant Nicki L. Shelkey in this matter; she

is named as a party-defendant for the purpose of extinguishing whatever right, title, or interest she may have or claim to the property described in this Complaint.  To the extent defendant Nicki L. Shelkey has any claim, right, title, or interest in the property described in this Complaint, it is subsequent and inferior to the interest of the United States.

10.

On or about November 10, 2003, defendant MeritCare Medical Group entered a judgment against defendant Frank L. Shelkey in the amount of $1,209.06, plus interest at the rate of 12 percent.  The judgment was docketed with the Clerk of Court, Ward County, North Dakota on November 21, 2003, as Doc. No. 51-03-C-1596.  The judgment is inferior and subordinate to the mortgage of the United States.

11.

To the extent foreclosure proceeds distributed to the United States are less than the balance due and owing by defendant, Francis L. Shelkey, the United States is seeking a deficiency judgment from defendant, Francis L. Shelkey.

12.

The defendant, Francis L. Shelkey, is not in the Armed Forces of the United States.

From the foregoing Findings of Fact, the Court makes the following:

## **CONCLUSIONS OF LAW**

1.

The Court has jurisdiction of the subject matter of this action and the parties.

2.

The defendants have been duly and regularly served in this action according to law.

3.

There is now due and owing to the United States by the defendant, Francis L. Shelkey, April 9, 1981, in the original principal amount of $36,700.00, and reamortized on February 9, 1995, February 6, 1997, and May 11, 2000, principal in the sum of $24,633.65, and interest to June 25, 2009, of $6,553.88, with interest accruing until the date of judgment at the daily rate of $8.7736; on the promissory note dated April 9, 1981, in the original principal amount of $4,000.00, and reamortized on February 9, 1995, February 6, 1997, and May 11, 2000, principal in the sum of $2,414.51, and interest to June 25, 2009, of $642.42, with interest accruing until the date of judgment at the daily rate of $.8600; for Payment Assistance Recapture due and payable under the terms of the loan documents in the sum of $1,571.52; for sums advanced for protective advances due and payable under the terms of the loan documents that have been paid out for payment of negative escrow, appraisal, and abstract fees, principal in the sum of $2,996.26, and interest to June 25, 2009, of $318.98, with interest accruing until the date of judgment at the daily rate of $1.0672; together with costs and disbursements of this action in the amount of $367.00, making a total of $39,498.22, as of June 25, 2009, plus prejudgment interest which accrues at a daily rate of $10.7008, until the date of entry of judgment, with interest accruing after entry of judgment at the legal rate until paid in full.

4.

The Plaintiff has a first valid, paramount, and subsisting lien upon the real estate described in the Complaint and the Findings of Fact and the Plaintiff is entitled to the foreclosure of its real

8

estate mortgage and to have the real estate sold and the proceeds of the sale applied to the indebtedness described above set forth against defendant Francis L. Shelkey.

5.

To the extent the foreclosure proceeds distributed to the United States are less than the balance due and owing by defendant Francis L. Shelkey on the amount due and owing on the above-referenced promissory notes, the United States shall be granted the right to collect such deficiency balance from defendant Francis L. Shelkey.

6.

The liens or interests, if any, of defendants Nicki L. Shelkey and MeritCare Medical Group, are junior and subordinate to the real estate mortgage of the plaintiff, United States of America.

7.

The defendants Francis L. Shelkey, Nicki L. Shelkey, and MeritCare Medical Group, have no further right, title, or interest in and to the real estate described in the Complaint and Findings of Fact.

## **ORDER FOR JUDGMENT**

**Let judgment be entered accordingly**.

Dated this 30th day of June, 2009.

                                              */s/ Daniel L. Hovland*
                                              Daniel L. Hovland, Chief Judge
                                              United States District Court