**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| Francis L. Shelkey, Nicki L. Shelkey, and Meritcare Medical Group, | ) ) ) | Case No. 4:09-cv-019 |
| | ) | |
| Defendants. | ) | |

___

The above-entitled matter came before the Court at Bismarck, North Dakota, on June 29, 2009, upon application of Drew H. Wrigley, Assistant United States Attorney for the District of North Dakota, and James Patrick Thomas, Assistant United States Attorney, attorney for the plaintiff, for entry of default judgment as to the defendants Francis L. Shelkey, Nicki L. Shelkey, and MeritCare Medical Group. Evidence was presented on behalf of the plaintiff in support of its motion and no one appeared for or on behalf of the defendants.

The above-entitled action was commenced by the plaintiff acting under the direction of the Attorney General of the United States of America, and was brought under the provisions of Title 28, United States Code, Section 1345, against the above-named defendants. The action was regularly and duly commenced by the filing of a Complaint in the office of the Clerk of Court. The defendants, Francis L. Shelkey, Nicki L. Shelkey, and MeritCare Medical Group, have been served with the Complaint pursuant to the Federal Rules of Civil Procedure. The time for answering has expired as to the defendants. The defendants have failed to appear, answer or otherwise plead in these proceedings and are in default.

The Court, having made its Findings of Fact, Conclusions of Law and Order for Judgment,

**IT IS ORDERED AND ADJUDGED:**

1.

Judgment shall be entered against the defendant, Francis L. Shelkey, on the promissory note dated April 9, 1981, in the original principal amount of $36,700.00, and reamortized on February 9, 1995, February 6, 1997 and May 11, 2000, principal in the sum of $24,633.65 and interest to June 25, 2009, of $6,553.88, with interest accruing until the date of judgment at the daily rate of $8.7736; on the promissory note dated April 9, 1981, in the original principal amount of $36,700.00, and reamortized on February 9, 1995, February 6, 1997, and May 11, 2000, principal in the sum of $2,414.51 and interest to June 25, 2009, of $642.42, with interest accruing until the date of judgment at the daily rate of $.8600; for Payment Assistance Recapture due and payable under the terms of the loan documents in the sum of $1,571.52; for sums advanced for protective advances due and payable under the terms of the loan documents that have been paid out for payment of negative escrow, appraisal, and abstract fees, principal sum of $2,996.26, and interest to the date of June 25, 2009, of $318.98, with interest accruing thereafter until the date of judgment at the daily rate of $1.0672; together with costs and disbursements of this action in the amount of $367.00, making a total of $39,498.22, as of June 25, 2009, plus prejudgment interest which accrues at a daily rate of $10.7008 until the date of entry of judgment, with interest accruing after entry of judgment at the legal rate.

2.

The Plaintiff has a first, valid and subsisting lien on the following-described real estate situated in the County of Ward, State of North Dakota:

> Lot 5, Block 2, Sunrise Acres Addition to the City of Berthold, Ward County, North Dakota, but subject to the reservations as contained in the Patent Issued by the United States Government and subject further to all valid outstanding easements, rights-of-way, mineral leases, mineral reservations, and mineral conveyances of record.

3.

The real estate mortgage dated April 9, 1981, which was recorded in the Office of the County Recorder of Ward County, North Dakota, on April 9, 1981, as Document No. 597337, shall be, and the same is, foreclosed and the real estate shall be sold by the United States Marshal. The sale shall be held as provided by law at the front door of the Ward County Courthouse at Minot, North Dakota.

4.

The United States Marshal for the District of North Dakota is directed, after advertising the real estate for sale by publishing a notice in a newspaper of general circulation published in the County of Ward, State of North Dakota, once a week for four successive weeks, to sell the real estate in the manner and form prescribed by law.

5.

The United States Marshal shall execute and deliver to the purchaser or purchasers at the sale the usual certificate as provided by law.

6.

The United States Marshal shall apply the proceeds from the sale of the real estate referenced above, first to the costs of this action; second, to the costs and disbursements of the sale; and third, upon the indebtedness adjudged to be due and owing to the plaintiff; and surplus proceeds, if any,

shall be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

7.

The defendants, Francis L. Shelkey, Nicki L. Shelkey, and MeritCare Medical Group, have no further right, title, or interest in the above described real estate. Upon confirmation of the sale, the defendants, Francis L. Shelkey and Nicki L. Shelkey, shall vacate the premises.

8.

The United States Marshal shall execute and deliver a Deed to the purchaser of the mortgaged premises sold under such foreclosure sale or to said purchaser's successors and assigns.

9.

The United States shall be entitled to recover any deficiency from defendant Francis L. Shelkey.

Dated this 30th day of June, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court